IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL A. DENNIS and HEALTH TRUST FINANCIAL LLC, | ) ) ) |
| APPELLANTS, | ) ) |
| v. | ) 2:10-cv-977-MEF ) |
| KENNY R. WILLIAMSON, JR., | ) ) (WO- Do Not Publish) |
| APPELLEE. | ) |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion for Leave to Appeal (Doc. 1-1) filed on November 15, 2010 along with a Notice of Appeal (Doc. 1-1). By these documents Appellants, Michael A. Dennis and Health Trust Financial LLC (hereinafter "Appellants") seek leave of Court pursuant to 28 U.S.C. § 158(a)(3) to proceed with an interlocutory appeal of the decision on September 20, 2010 to deny their motion for partial summary judgment. For the reasons set forth herein, it is hereby ORDERED that the motion is DENIED.

Appellants correctly contend that 28 U.S.C. § 158(a)(3) gives district courts discretion to allow appeals of any interlocutory bankruptcy court order that is not appealable as a matter of right. Such interlocutory appeals are extraordinary measures which may only be provided in exceptional circumstances in order to avoid protracted, piecemeal, and expensive litigation. *See, e.g., In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985); *Figueroa v. Wells Fargo Bank N.A.*, 382 B.R. 814 (S.D. Fla. 2007) ("Interlocutory review is generally disfavored for its piecemeal effect on cases"). In determining whether to exercise this

discretionary authority, a district court looks to the same standards which govern interlocutory appeals from the district court to the appellate court pursuant to 28 U.S.C. § 1292(b).  *See, e.g, In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985).  Specifically, district courts have the discretion to grant interlocutory review of bankruptcy court orders when the party seeking leave to appeal establishes three elements: that the issue involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) immediate appeal would advance the ultimate termination of the litigation.  *See, e.g., Figueroa*, 382 B.R. at 823-24 (collecting cases).  "An issue is characterized as a controlling question of law if it deals with a question of 'pure' law, or matters that can be decided quickly and cleanly without having to study the record." *Figueroa*, 382 B.R. at 824.

> To satisfy the second element, Appellant must show that at least two courts interpret the relevant legal principle differently.  If the jurisdiction where the bankruptcy order was rendered has decided the issue, a substantial difference of opinion cannot exist.  If there is no controlling authority, the district court may consider authority from other circuits.  Showing that the order from which appeal is sought presents a difficult ruling, or demonstrating a lack of authority on a legal issue is not sufficient.  *Id.*

The final requirement for granting leave to bring an interlocutory appeal is met "if the resolution of the controlling question of law substantially reduces the amount of litigation left in the case.  *Id.* at 827.

When the foregoing standard is applied to this matter, the Court is compelled to find that Appellant has failed to establish that the three prerequisites to the granting of an interlocutory appeal are satisfied.  Appellants concede that even if the Court were to find in

2

their favor as to the issue they seek to appeal, other claims, which are not involved in the appeal would remain pending for resolution by the bankruptcy court.  While the appeal, might reduce the amount of litigation in the case if Appellants prevailed on their appeal, it would not do so if they did not prevail.  Moreover, the Court cannot say that it substantially reduces the amount of litigation left in the case.  Thus, this is not the exceptional kind of case in which the relief sought should be granted.  For this reason alone, the motion is due to be DENIED.

DONE this the 10th day of March, 2011.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE